[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 15, 2008
THOMAS K. KAHN
CLERK

No. 07-15628
Non-Argument Calendar

_____

D. C. Docket No. 07-20283-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIANELA SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 15, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Marianela Smith ("Smith") appeals her convictions and sentences

imposed by the United States District Court for the Southern District of Florida. A jury convicted Smith of conspiracy to defraud the United States, to cause the submission of false claims and to receive health care kickbacks, in violation of 18 U.S.C. § 371; conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349; and solicitation and receipt of kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(1).

The issues presented on appeal are (1) whether the government and the district court improperly caused a defense witness to invoke his Fifth Amendment right against self-incrimination, thereby depriving Smith of her Sixth Amendment right to present a defense; and (2) whether the district court correctly calculated Smith's advisory guideline range when it (a) determined the loss amount and (b) imposed a four-level enhancement for Smith's role as an organizer or leader of the criminal activity.

We review *de novo* a district court's ruling on the invocation of the privilege against self-incrimination. *United States v. Hernandez*, 141 F.3d 1042, 1049 (11th Cir. 1998).

This court reviews for clear error the district court's determination regarding the amount of loss under the Sentencing Guidelines. *United States v. Grant*, 431 F.3d 760, 762 (11th Cir. 2005).

"This court reviews a sentencing court's determination of a defendant's role in the crime for clear error." *United States v. Gupta*, 463 F.3d 1182, 1197 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2446 (2007).

After reviewing the record and reading the parties' briefs, we first conclude that Smith was not deprived of her Sixth Amendment right to present her defense, which was that she had nothing to do with Smith Medical Equipment, Inc., and was unaware of any billings or claims made by her husband's company. More specifically, Smith complains that she was unable to present the testimony of one witness, Dr. Misael Gonzalez, due to the fact that the government and the district court improperly caused Dr. Gonzalez to invoke his Fifth Amendment right against self-incrimination, thereby depriving Smith of her Sixth Amendment right to present a defense.

The record belies Smith's argument that Dr. Gonzalez refused to testify because of threats and intimidation by either the prosecutors or by the district court. The prosecutors communicated only with Dr. Gonzalez's attorney and merely informed his counsel of the trial evidence potentially implicating Dr. Gonzalez in the Medicare scheme. It was after the government's consultation with Dr. Gonzalez's attorney that Dr. Gonzalez invoked his Fifth Amendment right. In sum, the record demonstrates that there was no interference by either the

3

government or the district court in Smith's presentation of her defense.

We also conclude from the record that the district court did not err in determining the amount of loss attributable to Smith, or in enhancing Smith's offense level based on its finding that Smith was an organizer or leader of the criminal activity.

Because there is no merit to any of the arguments that Smith makes in this appeal, we affirm her convictions and sentences.

**AFFIRMED.**